UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. 07 MJ 2989 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Alejandro ESTRADA-Canare, ) | Deported Alien Found in the |
| ) | United States |
| Defendant ) | |

The undersigned complainant, being duly sworn, states:

On or about **December 25, 2007** within the Southern District of California, defendant, **Alejandro ESTRADA-Canare,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27th** DAY OF **DECEMBER 2007.**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Alejandro ESTRADA-Canare**

## PROBABLE CAUSE STATEMENT

On December 25, 2007 at approximately 5:00 p.m., Border Patrol Agent J. Licon reported to a seismic intrusion device in the area of Otay Lakes. This area is approximately three miles east of the Otay Mesa, California Port of Entry and eight miles north of the United States/ Mexico International Boundary. After a brief search of the area Agent Licon encountered one individual attempting to conceal himself in high brush. Agent Licon approached the individual and identified himself as a Border Patrol Agent and questioned the individual later identified as the defendant **Alejandro ESTRADA-Canare**. Agent Licon then performed an Immigration inspection on the defendant in which he admitted to being a citizen and national of Mexico without any immigration documents that would allow him to be or remain in the United States legally. The defendant was placed under arrest and was transported to the Chula Vista Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on **November 15, 2005** through El Paso, Texas. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.